## BRIGGS POTTER *vs.* GEORGE D. GREEN.

An agreement not under seal, in consideration of one dollar, made by a creditor with the principal debtor upon a joint and several promissory note, payable on demand, that if the latter will pay one half of the amount due within thirty days, the creditor will release and discharge him from the payment of the remainder, reserving his rights against any other party liable for the debt, will not discharge the surety upon the note.

CONTRACT upon a joint and several promissory note, payable on demand to the plaintiff or his order, and signed by Dennis

Potter *v.* Green.

Green and George D. Green. The defendant in his answer set up the following agreement, signed by the plaintiff and two other persons :

" Whereas Dennis Green of Leyden, in the county of Franklin and Commonwealth of Massachusetts, is justly indebted to us, the subscribers, in each of our own individual rights, and whereas it is believed that the said Green is unable to pay all his debts in full, and being desirous of aiding the said Green to discharge himself from liabilities, and in consideration of one dollar to each of us paid, we, the subscribers, do hereby promise and agree to and with the said Green that if he will within thirty days from the date hereof pay or cause to be paid or secured to our entire satisfaction one half of the amount due to each of us, whether due on notes or accounts, then we will release and discharge the said Green from the other half of debt or debts due to each of us, and this agreement may be pleaded in bar for any claim remaining after the payment of one half of the debt due to each of us. This agreement it is understood is not to discharge or release any other party or parties that may be liable to us on our said debts against said Dennis Green. Witness our hands this nineteenth day of June A. D. 1861." A subsequent agreement upon the back of the foregoing, and signed by the same persons, was as follows: " Mr. Brainard being gone from home, we, the subscribers, agree to extend this agreement ten days. Leyden, July 17, '61."

The plaintiff demurred to the answer, and the demurrer was overruled in the superior court, and judgment rendered for the defendant ; and the plaintiff appealed to this court.

*A. Brainard*, for the plaintiff.

*W. Griswold*, for the defendant.

HOAR, J. The demurrer to the defendant's answer raises this question : Whether an agreement not under seal, made by a creditor with the principal debtor upon a joint and several promissory note, payable on demand, that if the debtor would pay one half of the amount due within thirty days, the creditor would release and discharge him from the payment of the remainder, reserving his rights against any other party liable for

the debt, will discharge the surety upon the note, the agreement being made upon the consideration of one dollar?

It is well settled that an agreement to extend the time for the payment of a debt, given to the principal without the assent of the surety, will discharge the surety. So will a release, or a covenant not to sue, or any agreement which changes the obligation of the principal under the contract. But it has been decided in this commonwealth that an agreement by the holder of a promissory note or bill of exchange to give time to, or not to sue, the maker or acceptor, reserving the right to hold the maker or indorser of the bill, or the indorser of the note, will not bar an action against the latter. *Sohier* v. *Loring*, 6 Cush. 537. *Hutchins* v. *Nichols*, 10 Cush. 299. In *Sohier* v. *Loring* it was said that the same rule has been applied in England, and in other states of the Union, to the case of principal and surety.

But without determining that the defence in the case at bar would fail on that ground, there is another and decisive answer to it. To discharge the surety, the agreement to give time, or to discharge the debt of the principal, must be a valid agreement, binding the creditor. If not a release under seal, the contract must have a sufficient consideration to support it. A contract to give up the remainder of a debt upon the payment of a part of what is due is without consideration in law. The contract set forth in the answer, therefore, being without legal consideration, was of no binding force or effect as between the parties to it. It could not have availed the defendant in an action against him upon the note, if the action had been brought immediately after the contract was made. The extension of it for ten days added nothing to its original obligation. It cannot therefore avail the surety.

*Judgment for the plaintiff on the demurrer.*